IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v ) | Case No. 10-10060-3-EFM |
| ) | |
| HAYKAZ MANSURYAN, ) | |
| ) | |
| *Defendant.* ) | |

**MEMORANDUM AND ORDER**

Defendant Haykaz Mansuryan, along with 3 others, is charged in a 2 count indictment with possession of counterfeit or unauthorized access devices. A detention hearing was held before the Magistrate Judge, who ordered defendant detained pending trial (Doc. 31). Defendant moved for reconsideration of that order, and the Magistrate Judge, after hearing, denied reconsideration (Doc. 43). Defendant then sought an order from this District Judge revoking the Magistrate Judge's detention order, supplemented prior to the hearing with several exhibits. Following oral arguments, this Court denied Defendant's motion (Doc. 95). Now before the Court is Defendant's third motion for reconsideration of Detention order (Doc. 111). The United States has responded, and the matter is ripe for decision. The Court finds that another hearing is not needed.

Defendant's instant motion offers proffers an alternative residential scenario to address previous concerns about the proposed residential setting, and it also proffers that his aunt has a home with market value of $717,000 (per appraisal) with a loan of $606,711, so that the Court is informed that she has approximately $110,000 in equity that she could post to secure Defendant's appearance. No indication that a bank would actually loan this amount of money against the California property,

or that the sum could otherwise realistically be converted to cash, is proffered. Based on information provided by the United States in its response, and on the Court's general knowledge of the widely fluctuating California real estate market, the Court frankly looks at Defendant's financial representations as little better than wishful.

18 U.S.C. §3142(f)(2) provides that a detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonable assure the appearance of such person as required . . ." Defendant's proffer does not meet this standard. Defendant and his co-defendants seem to view the matter of release on bond as one amenable to continual negotiation; if the opening offer is not satisfactory, counter-offers can be made. However, pretrial release does not work that way. Defendant's later offer in negotiations does not address or resolve the factors previously cited by the Court for denying release.

Therefore, Defendant's motion is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration of Detention Order (Doc. 111) is DENIED.

**IT IS SO ORDERED.**

Dated this 10th day of September, 2010.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE